IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW R. HUGHES, </br>No. R42460, </br> </br>    Plaintiff, </br> </br> vs. </br> </br>PATRICK J. QUINN, </br>LISA M. MADIGAN, </br>DIANE L. SALTOUN, </br>LAURA MILLER, </br>JOHN H. WANK, </br>EVELYN DIAZ, and </br>UNKNOWN PARTY, </br> </br>    Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> )   Case No. 14-cv-00426-MJR </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

  Plaintiff Matthew R. Hughes, an inmate in Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events that occurred at Chester Mental Health Center ("Chester") between September and November 2013.

  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

According to the complaint, Plaintiff was housed at Chester between September and November 2013. During that time he witnessed excessive force being used against other "consumers," and other conditions of confinement and so-called "treatment" that he contends make Chester a "politically correct Auschwitcz." Plaintiff proposes a class action on behalf of himself and all "seriously mentally ill consumers [at] Chester."

As pleaded, the complaint cannot proceed as a civil rights action brought by Plaintiff as an individual; consequently, the issue of class certification cannot even be reached.

First and foremost, as drafted the complaint does not indicate that Plaintiff has standing to sue. Absent a case or controversy, a litigant does not have standing to sue and the court lacks jurisdiction. *See, e.g., Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *Markadonatos v. Village of Woodridge*, 739 F.3d 984, 987 (7th Cir. 2014).

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) "actual or imminent, not 'conjectural' or

'hypothetical,' ". Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.". Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan*, 504 U.S. at 560-561 (internal citations omitted). Standing is a jurisdictional requirement that cannot be waived. *United States v. Hays,* 515 U.S. 737, 742 (1995) (plaintiffs asserting a constitutional challenge to a congressional redistricting plan did not have standing to assert the claim because they did not live in the affected area and had not personally been subject to the allegedly unconstitutional scheme).

The complaint details what Plaintiff witnessed happening to *other* consumers. The only allegations regarding Plaintiff are (1) the general assertion that the treatment at Chester is "barbaric, sick [and] senseless," and a vague reference to his "constitutional privacy rights" being violated (Doc. 1, pp. 9, 12). These general, vague assertions do not satisfy the *Twombly* pleading threshold. Furthermore, personal involvement by each named defendant and causation are required for Section 1983 liability. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005); *Herzog v. Village of Winnetka, Ill.*, 309 F.3d 1041, 1044 (7th Cir. 2002). Plaintiff only offers his conclusion that all of the wrongs he has witnessed occurring to others were due to a cover up by the defendant Illinois officials. Again, conclusory allegations do not satisfy the *Twombly* pleading standard.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is hereby **GRANTED** leave to file an amended complaint on or before **June 6, 2014**. Any amended complaint will undergo preliminary review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that failure to file an amended complaint will result in the dismissal of this action with prejudice for failure to comply with a court order and failure to prosecute this action. *See* FED.R.CIV.P. 41(b). A "strike" may also be assessed in accordance with 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 9, 2014**

                                            s/ *Michael J. Reagan*
                                            **MICHAEL J. REAGAN**
                                            **UNITED STATES DISTRICT JUDGE**